UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:
    Joseph Banfi &                                   Case No.: 19-77029-ast
    Kristen A. Banfi,                               Chapter 7

                             Debtors.
-----------------------------------------------------------X

### MEMORANDUM DECISION GRANTING MOTION TO RECONSIDER ORDER GRANTING IN PART AND DENYING IN PART MOTION SEEKING TO AVOID JUDICIAL LIENS

Pending before the Court is Debtors' Motion to Reconsider (the "MTR") this Court's Order granting in part and denying in part a motion Debtors filed under 11 U.S.C. §522(f) (the "522(f) Motion" and the "Order"). Debtors had sought to avoid one or more judicial liens against their property located at 79 Friendship Drive, Rocky Point, New York (the "Property"). At the Petition Date, the Property was the principal residence of Debtor Joseph Banfi ("Joseph"), but not of co-Debtor Kristen A. Banfi ("Kristen"). Debtors jointly owned the Property as tenants by the entirety. However, Kristen maintained her primary residence at 306 Sound Beach Blvd, Sound Beach, New York ("Kristen's Primary Residence").

Due to this ownership and residence status, in its Order, the Court granted the 522(f) Motion in part, avoiding judicial liens against the Property as to Joseph but denying relief as to Kristen. [dkt item 16] Debtors subsequently filed the MTR asking this Court to reconsider the Order and grant the relief that had been denied as to Kristen. [dkt item 17] No opposition to the Motion has been filed. For the reasons set forth below, because the Court has concluded that the relief sought by Kristen should have been granted, the Court grants the MTR.

### JURISDICTION

This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 1334(a) and (e), and 157(b)(2)(A), (K), and (O), and the Standing Orders of Reference in effect in the

Eastern District of New York dated August 28, 1986, and as amended on December 5, 2012, but made effective *nunc pro tunc* as of June 23, 2011.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

*Background and Procedural History*

The factual background and procedural history are taken from the docket entries, pleadings, exhibits, letters and other papers submitted by the Parties. The material facts are not in dispute.

On October 11, 2019, Debtors filed their joint chapter 7 petition (the "Petition Date"). In their Schedules, Debtors claimed two (2) separate and distinct federal exemptions in the Property. Joseph asserted the federal exemption for a residence available under Section 522(d)(1) in the amount of $25,150. Kristen did not claim a residence exemption in her Primary Residence, asserting instead the federal "wildcard" exemption in the Property under Section 522(d)(5) in the amount of $13,900. *See* Petition, Schedule C.

On January 21, 2020, Debtors filed the 522(f) Motion as to the Property. [dkt item 12]. No objection was filed as to Debtors' exemption claims or to the 522(f) Motion.

On March 2, 2020, the Court entered its Order granting relief as to Joseph but denying relief as to Kristen, finding that Kristen was not entitled to avoid judgment liens because the Property was not her primary residence on the Petition Date. [dkt. item 16].

On March 13, 2020, Debtors filed their MTR arguing, in sum, that this Court erred because Section 522(f) permits the avoidance of liens impairing the primary residence exemption of Joseph and the wildcard exemption of Kristen in the Property. Specifically, Debtors urged that the wildcard exemption is a valid exemption which Kristen was entitled to take against the Property. [dkt item 17]

On April 7, 2020, the Court held a hearing (the "Hearing") on the MTR. At the Hearing, the Court permitted Movants to submit a supplemental brief on the issue of whether the Kristen had properly invoked Section 522(f). Debtors did not file any supplemental papers.

While the MTR was under consideration, on December 14, 2020, the Second Circuit issued an opinion holding that the term "residence" in § 522(d)(1) "includes both primary and non-primary residences." *In re Maresca*, 982 F.3d 859, 863 (2d Cir. 2020). In its opinion, the Second Circuit stated:

> in resolving the question before us and concluding that the term 'residence' in § 522(d)(1) covers both primary and non-primary residences, we are guided by the Supreme Court's counsel that generally: 'Our inquiry ceases in a statutory construction case if the statutory language is unambiguous and the statutory scheme is coherent and consistent.' Such is the case with § 522(d)(1).

*Maresca*, 982 F.3d at 862 (2d Cir. 2020) (*quoting Sebelius v. Cloer*, 569 U.S. 369, 380, 133 S. Ct. 1886, 185 L.Ed.2d 1003 (2013)). *See also United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 109 S. Ct. 1026, 103 L.Ed.2d 290 (1989) (plain meaning approach to the Bankruptcy Code).

The issue here is slightly different: whether one debtor may assert the 522(d)(1) exemption while a co-debtor asserts the 522(d)(5) wildcard exemption in the same real property. Because this Court concludes they may, with the guidance of *Maresca*, the Court has concluded that the Order should be reconsidered and the full relief Debtors sought granted.

***Discussion***

### I.     *Legal Standard for the Motion to Reconsider*

The MTR should be considered under Rule 9023 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), which incorporates Rule 59 of the Federal Rules of Civil Procedure ("FRCP"). *See Woodard v. Hardenfelder*, 845 F. Supp. 960, 964-67 (E.D.N.Y. 1994)

("The Second Circuit has noted that 'most substantive motions brought within ten days of the entry of judgment are functionally motions under Rule 59(e), regardless of their label or whether relief might also have been obtained under another provision'") (citing *McCowan v. Sears, Roebuck & Co.*, 908 F.2d 1099, 1103 (2d Cir. 1990)); *In re Jamesway Corp.*, 203 B.R. 543, 545-46 (Bankr. S.D.N.Y. 1996). The MTR is timely under FRCP 59(e) and Bankruptcy Rule 9023, which allows for such a motion to be filed within 14 days. [dkt. items 16 & 17]

Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked"—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court. *Rafter v. Liddle*, 288 Fed. Appx. 768, 769 (2d Cir. 2008) (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995)). Motions to reconsider under Bankruptcy Rule 9023, as motions to reconsider under FRCP 59, "are not vehicles for 'taking a second bite at the apple[.]'" *Rafter*, 288 Fed. Appx. at 769 (citing *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir.1998)). Facts that are not in the record of the original hearing cannot be said to be facts that the court "overlooked." *Rafter*, 288 Fed. Appx. at 769.

The MTR contends that the Court overlooked the ability of Kristen to use the § 522(d)(5) wildcard exemption to avoid judgment liens against the Property she owns as a tenant by the entirety despite the Property not being her primary residence. Debtors are correct that residency is irrelevant in evaluating the eligibility for the wildcard exemption of 522(d)(5), and *Maresca* has made clear that the § 522(d)(1) exemption extends to both primary and non-primary residences.

As an issue of first impression in this district, this Court now looks to neighboring jurisdictions as to whether one joint debtor may assert the residence exemption under 522(d)(1) and the other joint debtor utilize the wildcard exemption of 522(d)(5) in the same property.

## II.    *The extent of §522(f) relief available to joint debtors*

Section 522(f) of the Bankruptcy Code allows a debtor to "avoid the fixing of a judicial lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled." 11 U.S.C. § 522(f). To facilitate the debtor's fresh start, Section 522 authorizes a consumer debtor to claim certain property as exempt, which "removes the property from the bankruptcy estate, putting it beyond the reach of creditors." *In re Johnson*, 2011 WL 7637217, at *2 (E.D. Mich. June 14, 2011). Under Section 522(b), "an individual debtor may exempt from property of the estate" property that is exempt under federal law pursuant to Section 522(d) or under applicable state law, unless applicable state law only authorizes the debtor to claim the state law exemptions. 11 U.S.C. § 522(b)(1), (2), (3).

A debtor who files for relief in New York may elect to claim either all federal or all New York exemptions, but cannot combine exemptions from both federal and state schemes. In a joint case filed in New York, Section 522(b)(1) prohibits a husband and wife from having one spouse choose state exemptions and one spouse choose federal. However, nothing on the face of Section 522 requires both debtors in a joint case who claim federal exemptions to both claim the residence exemption of Section 522(d)(1).

In ruling on a 522(f) Motion, this Court must rely on the information provided by Debtors, who have the burden of proving "by a preponderance of the evidence on every element of § 522(f)." *In re Armenakis*, 406 B.R. 589, 604 (Bankr. S.D.N.Y. 2009) *(quoting In re Banner*,

5

394 B.R. 292, 300 (Bankr. D. Conn. 2008)) (*citing In re Fox*, 353 B.R. 388, 393 (Bankr. D. Conn. 2006)). "Even in the absence of an objection by a judicial lien creditor, this Court cannot grant affirmative relief unless the debtors have established a *prima facie* basis for the relief sought." *See In re Schneider*, No. 12-77005-AST, 2013 WL 5979756, at *3 (Bankr. E.D.N.Y. Nov. 8, 2013).

Debtors concede that this Court has held that "that the Bankruptcy Code and Bankruptcy Rules require a debtor to actually claim a homestead exemption in her principal residence in order to avoid judicial liens under § 522(f)." *In re Coppola*, No. 12-70958-AST, 2013 WL 3794098, at *2 (Bankr. E.D.N.Y. July 18, 2013). However, *Coppola* addressed an exemption claim made under New York law for a principal residence. This Court's later decision in *Schneider* held that the proper inquiry is whether the lien impairs an exemption to which the debtor would have been entitled and if the exemption was actually claimed by the debtor. *Schneider*, 2013 WL 5979756, at *10. In order to actually claim an exemption, Section § 522(l) requires that "[t]he debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section." 11 U.S.C. § 522(l); *see also Schwab v. Reilly*, 130 S. Ct. 2652, 2660 (2010). Bankruptcy Rule 4003(a) provides that "[the] debtor shall list the property claimed as exempt under § 522 of the Code on the schedule of assets required to be filed by [Bankruptcy] Rule 1007." Fed. R. Bankr. P. 4003(a); 1007(a)(1), (b)(1).

In sum, to state a claim for relief under Section 522(f), the debtor must establish four basic elements: (1) there must be an exemption to which the debtor "would have been entitled under subsection (b) of this section"; (2) the property must be listed on the debtor's schedules and claimed as exempt; (3) the lien must impair that exemption; and (4) the lien must be a judicial lien. *Schneider*, 2013 WL 5979756 at *6 (*citing In re Goswami*, 304 B.R. 386, 390-91)

6

(B.A.P. 9th Cir. 2003). A debtor must claim an exemption in a specific dollar amount; a $0.00 exemption is not a valid exemption claim. *See Schneider*, 2013 WL 5979756 at *11 (*citing Coppola*, 2013 WL 3794098 at *2).

Debtor Kristen has met this test; Kristen's wildcard exemption is a valid exemption which she is entitled to claim; the Property is listed in the schedules; she in fact did claim an exemption on Schedule C in an amount greater than zero against the Property; and the liens at issue are judicial liens which impair her exemption claim.

Under Section 522(d)(1), each debtor asserting federal exemptions may exempt "[t]he debtor's aggregate interest, not to exceed $25,150 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence." 11 U.S.C. § 522(d)(1). Claiming a federal residence exemption has implications for other exemptions, notably Section 522(d)(5), which states that a debtor may exempt "[t]he debtor's aggregate interest in any property, not to exceed in value $1,325.00 plus up to $12,575.00 of any unused amount of the exemption provided under paragraph (1) of this subsection," referring to the homestead exemption under § 522(d)(1). 11 U.S.C. § 522(d)(5). As noted, Kristen did not claim a 522(d)(1) exemption, and thus her unused portion of her § 522(d)(1) exemption is the fully available, unused Section 522(d)(5) amount of $12,575.00.

As noted, Section 522(f) grants debtors the opportunity to avoid the fixing of a lien "to the extent that such *lien* impairs an *exemption* to which the debtor would have been entitled under subsection (b) of this section" (emphasis added); the wildcard exemption is such an exemption under §522(b)(5), and judicial liens are a type of lien implicate under §522(f)(1)(A). Therefore, the Bankruptcy Code unambiguously permits the avoidance of a judicial lien which impairs a properly claimed wildcard exemption.

7

Further, the wildcard exemption has been liberally construed to include any property of the bankruptcy estate in which the debtors have an ownership interest, whether real or personal. *See In re Beaudoin*, 427 B.R. 30, 36-7 (Bankr. D. Conn. 2010) (interpreting "any property" to be "all property that is part of the estate" based on its "quantitative" rather than "qualitative" language, and the Congressional intent of construing §522(d)(5) as a "catch-all general exemption"); *Matter of Eldridge*, 15 B.R. 594, 595 (Bankr. S.D.N.Y. 1981) (allowing the debtors to claim up to the full amount of wildcard exemption against their Florida house which is not their residence); *see also In re Smith*, 640 F.2d 888, 892-3 (7 Cir. 1981) (refusing to draw distinction as to what constitutes property under Section 541 and 522, referring to Congress' use of the broad phrase "any property" and its intent to "give the general exemption as board an application as the language it chose"); *In re Lokay*, 269 B.R. 132 (W.D. Pa. 2001) (finding that a judicial lien was avoidable to the extent of impairment under the wildcard exemption "claimed by debtor in real property which was not his residence").

In *Eldridge*, the Southern District of New York Bankruptcy Court held that "any property" under Section 522(d)(5) means just that; the fact that debtors did not reside in their Florida house was "totally irrelevant" to the exemption claimed. *See id.* Similar to the debtors in *Eldridge*, Kristen is claiming a wildcard exemption on a property in which she has an ownership interest as a tenant in entirety but does not use as her principal residence. Following the liberal construction of the phrase "any property", Kristen should not be denied relief simply because does not reside at the Property.  This construction is also consistent with *Maresca*.

This case does not create the problems addressed in *Coppola* and *Schneider*.  Because Debtors claimed actual exemptions with specific amounts larger than zero in their Schedule C, "creditors and the trustee have an opportunity to review that exemption", and they did not

8

attempt to create "a second set [of exemptions] only referenced in the §522(f) motion". *Schneider*, 2013 WL 5979756 at *9; *Coppola*, 2013 WL 3794098 at *2; *see also Schwab*, 130 S. Ct. at 2660. While Kristen did own the Kristen Primary Residence that she did reside in at the Petition Date, she chose not to exempt any interest in it under 522(d)(1). Thus, her "unused" portion of her 522(d)(1) exemption is $12,575.00. Adding this amount to the $1,325 separately allowed under §522(b)(5), the amount Kristen could claim is $13,900, which is the amount Kristen actually claimed in her Schedule C and in the 522(f) Motion. With the guidance of the Second Circuit in *Maresca*, this Court is now convinced that Kristen should be able to employ the wildcard exemption to protect her interest in the Property, and she cannot be compelled to first claim the residence exemption in either real property in which she had an ownership interest at the Petition Date. Therefore, the judicial liens impairing her wildcard exemption in the Property should be avoided.

## CONCLUSION

Based on the foregoing, it is hereby

**ORDERED**, that pursuant to Rules 59(e) of the Federal Rules of Civil Procedure the MTR is granted; and it is further

**ORDERED**, that a separate order will be entered granting the relief sought by Kristen in the 522 Motion and amending the 522(f) Order.



**Dated: June 9, 2021**
**Central Islip, New York**

**Alan S. Trust**
**Chief United States Bankruptcy Judge**